IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CONDADO 2 CLF, LLC,

Plaintiff,

v.

R.R. ENTERPRISES, S.E., et al.,

Defendants.

CASE NO. 17-1994

**MEMORANDUM OPINION**

Condado 2 CLF, LLC ("Plaintiff") sued R.R. Enterprises, S.E., Plaza Barbosa, Inc., Rafelio Cardona-Acevedo, Myriam Ruemmele-Matos, and the conjugal partnership between Cardona-Acevedo and Ruemmele-Matos (collectively "Defendants") under diversity jurisdiction to foreclose certain mortgages and collect monies owed. (Docket No. 1 at 2; 34-35). Defendants filed a motion to dismiss for lack of subject matter jurisdiction, which they later amended. (Docket Nos. 33; 35). Plaintiff responded in opposition. (Docket No. 52). Defendants then filed a motion requesting jurisdictional discovery, which Plaintiff also opposed. (Docket Nos. 57; 62). For the reasons below, the Court **DENIES without prejudice** Defendants' amended motion to dismiss at Docket No. 35 and **GRANTS** Defendants' motion for jurisdictional discovery at Docket No. 57.

Federal courts are courts of limited jurisdiction, and the party invoking such jurisdiction must prove it exists. Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996) (citation omitted). Subject matter jurisdiction in this case is premised on diversity of citizenship under 28 U.S.C. § 1332. (Docket No. 1-57). As such, the Court must determine whether there is complete diversity between Plaintiff and all Defendants. Casas Office Machines v. Mita

**Civil No. 17-1994 (GAG)**

Copystar America, Inc., 42 F.3d 668, 673 (1st Cir. 1994) (citations omitted). Without complete diversity, federal subject matter jurisdiction does not exist. Id.

To ascertain whether there is diversity in this case, the Court must inquire as to each party's citizenship. For diversity purposes, "the citizenship of a limited liability company is determined by the citizenship of all of its members." Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (noting every other circuit to consider the question held the same and finding no reason to depart from those holdings). A corporation, on the other hand "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The principal place of business is its "nerve center," meaning "the particular location from which its 'officers direct, control, and coordinate the corporation's activities.'" Harrison v. Granite Bay Care, Inc., 811 F.3d 36, 40 (1st Cir. 2016) (quoting Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010)). "Generally speaking, this will 'be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).'" Id. (quoting Hertz Corp., 559 U.S. at 93).

"The party seeking to establish diversity jurisdiction bears the burden of persuasion . . . ." Id. When challenged on jurisdictional allegations, "the parties must support their allegations by competent proof." Hertz Corp., 559 U.S. at 96–97 (citation omitted). Basic corporate filings—a Form 10-K for example—are not, on their own, sufficient to provide the necessary support. Id. at 97. Notably, "[n]o presumption of truthfulness attaches to the

**Civil No. 17-1994 (GAG)**

allegations." Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1235 (1st Cir. 1991) (citation omitted).

The Supreme Court has cautioned that courts must be watchful for instances of "jurisdictional manipulation." Hertz Corp., 559 U.S. at 97. "Indeed, if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." Id. "Where there is inadequate evidence adduced to establish the location of a corporation's principal place of business at the time the complaint was filed, there are insufficient facts to support diversity jurisdiction." Media Duplication, 928 F.2d at 1236 (citation omitted).

It is undisputed that, for the purposes of diversity analysis, all Defendants are citizens of Puerto Rico. (Docket Nos. 23 ¶ 5-8; 35 at 14). Plaintiff's citizenship, however, is hotly contested. As a limited liability company, its citizenship is determined by the citizenship of its individual members. Plaintiff's sole member is Condado 2 CLF, Inc. (Docket No. 52 at 3). Because Condado 2 CLF, Inc. is a corporation, the next inquiry is where it was incorporated and where its principal place of business exists. With respect to state of incorporation, Plaintiff presents a certificate of incorporation as evidence that Condado 2 CLF, Inc. was incorporated in Delaware. (Docket No. 53-1). Its purported principal place of business is an address in Minnesota, although Defendants argue adamantly that the Minnesota address is a contrivance designed to manufacture diversity jurisdiction for a company that, in reality, exists and operates in Puerto Rico. (Docket Nos. 52 at 10; 35 at 3).

**Civil No. 17-1994 (GAG)**

In support of their contention, Defendants point to the fact that Plaintiff's proffered business address is a residential condominium with thirty-one units, noting that no individual apartment number was provided. (Docket No. 35 at 7). Defendants argue that their zealous investigation yielded no information to corroborate Plaintiff's contention that its principal place of business was truly in Minnesota; rather, the only business interactions Defendants found took place in Puerto Rico. Id. at 6-7. In addition, Defendants note that Plaintiff is involved in multiple cases in this Court. Id. at 7. Defendants also posit that Plaintiff's primary business is to buy assets and foreclosures in Puerto Rico. Id. at 18.

Wherever Plaintiff's principal place of business exists, Plaintiff should be able to present evidence showing details about the location of managers and corporate personnel in charge of daily operations, directors' meetings, bank accounts, where major policy decisions are made, as well as the operations themselves. See Media Duplication, 928 F.2d at 1237 ("[W]hen a corporation is called upon to establish its own citizenship—particularly, as in this case, a corporate plaintiff which has chosen to initiate the litigation under the federal courts' diversity jurisdiction—the imposition is hardly overwhelming.").

In support of Plaintiff's contention that its principal place of business is in Minnesota, Plaintiff provides an unsworn affidavit from Adam Bernier, an authorized representative of Plaintiff and Condado 2 CLF, Inc. (Docket No. 52-1), the limited liability company agreement for Condado 2 CLF, LLC, and Condado 2 CLF, Inc.'s bylaws. (Docket Nos. 53-1-53-4). The latter two documents are simply standard corporate filings and are thus insufficient, on their own, to be considered "competent proof" of Plaintiff's principal place of business. Hertz Corp., 559 U.S. at 96–97.

**Civil No. 17-1994 (GAG)**

Mr. Bernier's blanket statement that Condado 2 CLF, Inc.'s corporate officers are located in Minnesota and that the decision-making and directional activity for the corporation occurs there is similarly insufficient. (Docket No. 52-1 at 4). Plaintiff offers no details—despite ample opportunity do so, given the content of Defendants' motion to dismiss—as to Condado 2 CLF, Inc.'s business activities. "Notably absent from the evidence here are factual allegations bearing on the array of factors typically considered in determining a corporation's principal place of business, e.g.: location of directors' meetings and where major policy decisions are made; location of managers and other corporate personnel who direct daily operations; location of the operations themselves; location from which corporate income tax is filed; location of bank accounts." Media Duplication, 928 F.2d at 1237.

Plaintiff's submissions do not provide enough information for the Court to make a determination with respect to the location of Plaintiff's principal place of business. As such, the Court **GRANTS** Defendants' motion for jurisdictional discovery at Docket No. 57 and **DENIES without prejudice** Defendants' amended motion to dismiss at Docket No. 35. The parties shall conduct further jurisdictional discovery on the issue of Plaintiff's "nerve center." Jurisdictional discovery shall close on June 4, 2018 and the final dispositive jurisdictional motions shall be filed on or before June 11, 2018.

**SO ORDERED.**

In San Juan, Puerto Rico this 4th day of May, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge